## John W. Baker v. The Mansur & Tebbetts Implement Company, Assignee, etc.

1. EXECUTION—*Levy of—When Not a Satisfaction.*—The levy of an execution upon personal property of the debtor, of value sufficient to satisfy the debt, operates as a satisfaction for the time being, but if the levy is released by agreement and consent of the execution debtor, and the property is applied to other purposes, so that the fruits of the levy are lost to the creditor in consequence, there will be no satisfaction of the judgment and execution.

**Motion,** to recall an execution. Appeal from the Circuit Court of Clark County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed November 21, 1896.

ROBERT E. HAMILL, attorney for appellant.

GRAHAM & TIBBS, attorneys for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

This was a motion filed by J. W. Baker, the appellant, to recall and quash an execution issued upon a judgment entered in favor of one Webb for the use of Lee, assignee, etc., v. Forester & Laughrey and the appellant, which judgment the appellee Implement Co. held by assignment from Lee.

The grounds of the motion were:

1. That said judgment has been fully paid and discharged.

2. That as appears by the return of the sheriff of Jasper county upon a writ issued upon said judgment, there has been satisfaction of said judgment by the levy upon personal property of the defendants, Forester & Laughrey, sufficient to pay and discharge said judgment.

3. That said judgment has been fully paid and nothing remains due the plaintiff or his assignee thereon, and the writ in this cause issued was wrongly issued after satisfaction.

4.  That said execution was improvidently and improperly issued.

The court entered a judgment that the motion be denied and Baker appealed.

The Implement Co. held by assignment from Lee a judgment against Forester & Laughrey and held also as collateral to secure this last mentioned judgment certain demands due to the judgment debtors from other persons and it collected the sum of $193.73 or thereabouts from such persons.

Forester & Laughrey were also indebted to the Implement Co. upon an unsettled account in a considerable sum. The judgment to secure which the collateral demands had been pledged was settled, and the contention of appellant is, the sums collected from such collateral should be applied to the discharge of the execution and judgment in question.

The open account against Forester & Laughrey was settled by Forester at an agreed discount of somewhere near fifty cents upon the dollar.

Appellee insists that the amount collected upon the collateral was by them applied as a credit upon the open account and that the balance of such account was then settled at fifty cents on the dollar.

We find evidence in the record to support this view and also tending to show that the appellant, Baker, who is a relative of Forester, had full knowledge, and, in fact, assisted in bringing about the adjustment at a discount, of the open account due to the Implement Co. from Forester & Laughrey, and became the security of Forester on a note to the company for a portion of the amount agreed to be paid in that settlement, and that he then knew the amounts collected on the collateral claims had been applied to reduce said open account before it was scaled and settled.

There was a conflict of testimony on these points but the court accepted as having the greater weight, that favoring the view urged by appellee.

After consulting the evidence preserved in the record, there appears no reason why we should interfere with the conclusion thus reached by the court.

Other testimony tended to show and fully warranted the finding of the court that the levy made by the sheriff of Jasper county upon the property of the execution debtors was released by the agreement and consent of such debtors and said appellant, Baker, and the property applied to other purposes than that of paying the judgment, and this with the knowledge and acquiescence of the appellant.

Nothing was offered in support of the fourth ground of the motion except in so far as the contentions we have disposed of were applicable to it.

The judgment is affirmed.